UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SEQUA CORPORATION, *et al.*,** | ) | Case No. 1:03-CV-2508 |
| | ) | |
| Plaintiffs, | ) | JUDGE O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | |
| **ELYRIA FOUNDRY COMPANY,** | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter arises on Plaintiffs' *Notice of Intent* (Doc. 38) filed on October 11, 2006. In that filing, Plaintiffs expressed their desire to assert contribution and/or indemnification claims against Elyria Foundry Company ("EFC") with respect to payments made to certain tort claimants on grounds that the payments were for injuries caused by actions of EFC which post-date February 12, 1999. For the reasons more fully articulated below, the Court finds that Plaintiffs are not entitled to indemnification for the aforementioned claims, but are entitled to contribution. The parties have forty-five (45) days from the date of this order to submit supporting documents or a stipulation addressing the amount of contribution.

**I.   BACKGROUND**

The factual background of this case is fully set forth in the Court's September 29, 2006 order (Doc. 37), partially granting Defendant's motion for summary judgment. In sum, EFC's motion for summary judgment argued that a February 12, 1999 release barred Plaintiffs from asserting claims

1

for contribution or indemnification for settlements Plaintiffs reached with certain employees who alleged injuries arising out of the pre-February 12, 1999 conduct or activities of EFC. This Court agreed and granted summary judgment as to those claims. Plaintiffs' *Notice of Intent*, therefore, addresses only the potential right to indemnification or contribution for claims Plaintiffs settled where the underlying claimants alleged that they worked at EFC after February 12, 1999 and, thus, possibly sustained injuries caused by conduct or acts of EFC which occurred *subsequent to February 12, 1999*.

Through its September 29, 2006 order, the Court decided that the release was enforceable, but declined to address the legal arguments regarding contribution and indemnity (which were fully briefed), believing that its decision as to the release may have rendered those issues moot. Instead, the Court sought to determine whether Plaintiffs believed they had a good faith basis to assert claims against EFC arising out of post-February 12, 1999 conduct or activities by asking Plaintiffs to file a *Notice of Intent* to pursue such claims if a basis to do so existed.[1] In response to the Court's order, Plaintiffs have filed a *Notice of Intent* to pursue claims relative to EFC's post-February 12, 1999 conduct, making the previously unresolved contribution and indemnification questions ripe for consideration.

**II.   DISCUSSION.**

    **A.   Plaintiffs Do Not Have a Right to Indemnification.**

---

[1] The Court had good reason to wonder whether Plaintiff would pursue such indemnification or contribution claims. The underlying tort claimants to whom Plaintiffs made payments asserted claims for asbestosis and mesothelioma based on diagnoses of those conditions made relatively soon after the February 12, 1999 cut-off date in the release. As such, it seemed unlikely that any substantial portion of the monies paid to claimants would be attributable to post-February 12, 1999 activities by anyone, including EFC.

Plaintiffs do not argue that they are expressly entitled to indemnification under a contract or other written instrument.  Rather, Plaintiffs insist that they have an implied right to indemnification for the amounts they expended to settle the relevant claims because EFC "can be considered a concurrent tortfeasor due to the fact that the last injurious exposure took place on its watch.  A concurrent tortfeasor is subject to a claim for indemnification."  (Pl's Opp. Br., at 11.)  This argument, however, commingles two theories, neither of which would allow the Plaintiffs to prevail on their claim for indemnification.

Plaintiffs urge the Court to require EFC to indemnify them because the doctrine of "last injurious exposure" holds liable the last employer who exposes an employee to a hazard.  Plaintiffs cite Birchfield v. Rubbermaid, Inc., Nos. 03CA0069, 04CA0006, 2004 WL 1933123 (Ohio App. 9th Dist. Sept. 1, 2004) as support for their position.  Plaintiffs contend that, because the last injurious exposure for the relevant underlying claims took place at EFC, EFC is a "concurrent" tortfeasor[2] (as opposed to a joint tortfeasor) and, thus, subject to a claim for indemnification.

Birchfield, however, is a workers' compensation case and does not apply to the intentional tort claims in the underlying complaints relevant here.  While the "last injurious exposure" principle continues to exist in the workers' compensation context, Plaintiffs have not cited, and the Court has not uncovered, any case applying the "last injurious exposure" doctrine in connection with requests for indemnification in an intentional tort context.  See State ex rel. Erieview Metal Treating Co. v. Indus. Comm., 846 N.E.2d 515, 517 (Ohio 2006) (noting that the doctrine has appeared in Ohio

---

[2] Ohio law defines concurrent negligence as "the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury."  Motorists Mutual Ins. Co. v. Huron Road Hosp., 653 N.E.2d 235, 238 (Ohio 1995).

courts in only *one* limited workers' compensation context, and further limiting its application even within that context).

If the Court *were* to apply the "last injurious exposure" doctrine in the manner Plaintiffs seek, moreover, it essentially would be rewriting the established law of contribution and indemnity as it relates to concurrent tortfeasors in Ohio. Specifically, even if Plaintiffs and EFC were concurrent tortfeasors by virtue of the "last injurious exposure" doctrine, Ohio law no longer provides a right of *indemnity* to concurrent tortfeasors.³ Reynolds v. Physicians Ins. Co. of Ohio, 623 N.E.2d 30, 31-32 (Ohio 1993) ("Indemnification is not allowed when the two parties are joint or concurrent tortfeasors and are both chargeable with actual negligence."); see also Wills Trucking, 1999 WL 357775, at *3, ("Indemnification is not permitted between joint tortfeasors.") (citations omitted); Motorists, 653 N.E.2d, at 238 (affirming denial of indemnification, finding: "[t]hough separate in time, the negligence of [indemnification plaintiffs] . . . combined with [indemnification defendants'] alleged negligence to cause [underlying plaintiff's] death, the single indivisible injury.").

In Motorists, the Supreme Court of Ohio specifically overruled prior law holding that a "tortfeasor had a right to indemnity from a [tortfeasor] who negligently caused a new injury or aggravated the existing injury." Motorists, 653 N.E.2d, at 238 ("Travelers terms a right of

---

³ Only if Plaintiffs could prove that they were completely without fault *and* had a special relationship with EFC would they be entitled to indemnification. Wills Trucking, Inc. v. Baltimore & Ohio R.R Co., 181 F.3d 106, 1999 WL 357775, at *3 (6th Cir. 1999) (holding, "indemnity is available only when the party seeking indemnification is an innocent actor whose liability stems from some legal relationship with the truly culpable party"); see also Mills v. River Terminal Ry. Co., 276 F.3d 222, 226-27 (6th Cir. 2002) (noting that indemnification is available where party seeking indemnification is not actively negligent). The claims here derive from alleged exposures taking place between the late 1960s and approximately 2001. Thus, because of the release, Plaintiffs would have to prove that the *only* injurious exposures took place *after* February 1999. Plaintiffs, for obvious reasons, do not make that argument, and have conceded previously that they cannot.

contribution a right to indemnity, and to that extent we accordingly overrule that decision.") (citing Travelers Indem. Co. v. Trowbridge, 321 N.E.2d 787 (Ohio 1975)). The Motorists court held: "[i]ndemnification is not allowed when the two parties are joint or concurrent tortfeasors and *are both chargeable with actual negligence*," noting that the former rule permitting indemnity among concurrent tortfeasors, "provided an equitable stopgap *prior to the legislature's creation of a right of contribution between concurrent tortfeasors*." Id. at 238 (emphasis added) (internal quotations omitted). As the court in Motorists observed, the Ohio General Assembly has since addressed the issue by creating a right of *contribution* between concurrent tortfeasors. See Ohio Rev. Code Ann. § 2307.25.

In short, to order indemnification here would require the Court to apply the inapposite "last injurious exposure" doctrine from workers' compensation jurisprudence and hold that, by virtue of that doctrine, EFC and Plaintiffs were concurrent tortfeasors. Once the Court determined that the parties were concurrent tortfeasors, moreover, it would then have to create an new exception to the law of contribution and indemnity for concurrent tortfeasors in Ohio – similar to the exception specifically rejected by the Supreme Court of Ohio in Motorists. The Court declines Plaintiffs' invitation to create such an exception.

**B.       Plaintiffs Have the Right to Contribution.**

Plaintiffs, in the alternative, argue that they have a right of contribution in their favor under Ohio Revised Code § 2307.25. The statute permits tortfeasors who have paid more than that their share of the common liability to recover the amount paid in excess of their proportionate share. Ohio Rev. Code Ann. § 2307.25. EFC's only opposition to this claim is that Ohio law bars Plaintiffs from receiving contribution for claims against EFC that were not extinguished by settlement. Plaintiffs

5

have withdrawn their requests for contribution relative to any such unextinguished claims. Accordingly, Plaintiffs are entitled to contribution from EFC for the amount Plaintiffs paid to tort claimants in connection with injuries sustained as the result of actions or activities by EFC which post-date February 12, 1999 to the extent those payments exceed Plaintiffs proportionate share of liability for the harms alleged.[4]

### III. CONCLUSION.

For the foregoing reasons, the parties are **ORDERED** to submit, within forty-five (45) days from the date of this order, supporting documents or a stipulation addressing the amount of contribution to which Plaintiffs are entitled. This matter is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

                                                      s/Kathleen M. O'Malley
                                                      **KATHLEEN McDONALD O'MALLEY**
                                                      **UNITED STATES DISTRICT JUDGE**

**DATED:** December 18, 2006

---

[4] The Court's earlier order explains the nature of the underlying settlements and Plaintiffs' decision to make those payments in the absence of any contemporaneous contribution to them by EFC.